UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| v. | ) Case No. 19-cr-165 (BAH) |
| | ) |
| BOBBY TUCKER, | ) |
| Defendant. | ) |

**DEFENDANT'S SENTENCING MEMORANDUM**

Pursuant to 18 U.S.C. § 3553(a), Rule 32 of the Federal Rules of Criminal Procedure, and Section 6A1.3 of the advisory United States Sentencing Guidelines, Mr. Tucker, through counsel, states that he has received and reviewed the Presentence Investigation Report ("PSR") prepared in this case and has no objection to the calculated total offense level and the ineligibility for probation. The PSR calculates Mr. Tucker's total offense level as 17 and criminal history category as I. A total offense level of 17 and a criminal history category of I results in an advisory range of 24-30 months. An advisory range of 24-30 months falls within Zone D of the Sentencing Table making a sentence of probation not available under the Guidelines.[1]

Mr. Tucker respectfully submits a variant sentence of home detention, followed by a term of supervised release, is sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2).

I. Procedural Background

On May 16, 2019, an Indictment was returned in the United States District Court for the District of Columbia, charging Mr. Tucker with one count of Bribery, in violation of 18 U.S.C. § 201(b)(1)(A). On June 12, 2020, Mr. Tucker appeared before the Court and pleaded guilty to the Indictment. The Court accepted his plea, ordered a presentence investigation and report, and continued the matter for sentencing for September 11, 2020.

---

[1] Independent of the recommendation of the advisory guidelines, the Court has the authority to impose a probationary sentence pursuant to 18 U.S.C. §§ 3553 and 3561.

At Tucker's request, the sentencing was rescheduled for October 16, 2020. With one exception, Mr. Tucker has complied with all Court ordered conditions of his release and with pretrial supervision.

> II. The Guidelines are only one of several factors relevant to the Court's determination of what sentence is sufficient but not greater than necessary to achieve the goals of sentencing.

The appropriate punishment in every case must be designed to "fit the offender and not merely the crime." *Williams v. New York*, 337 U.S. 241, 247 (1949). "It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Koon v. United States*, 518 U.S. 81, 113 (1996). The Sentencing Guidelines remain in tension with this principle, and do a particularly poor job of incorporating a person's history and characteristics in the determination of an appropriate sentence. Indeed, on this point they contradict the law. See U.S.S.G. § 5H1.1 et seq. (contending that education, vocational skills, employment record, family ties, age, health, and socio-economic status are generally irrelevant to sentencing, even though § 3553(a)(1) expressly requires sentencing courts to consider such factors).

As the Court explained in *Nelson*, "[o]ur cases do not allow a sentencing court to presume that a sentence within the applicable Guidelines range is reasonable." 555 U.S. 352. "The Guidelines are not only not mandatory on sentencing courts; they are also not to be presumed reasonable." Id. Thus, after evaluating the Guidelines along with the other co-equal sentencing factors set forth in 18 U.S.C. § 3553(a), a sentencing court may find that the case falls outside the "heartland" contemplated by the Guidelines, or that "the guidelines sentence itself fails to properly reflect the § 3553(a) considerations," or that "the case warrants a different sentence regardless." *Rita v. United States*, 551 U.S. 338, 351 (2007); *United States v. Booker*, 543 U.S. 220, 259-60 (2005).

### III. Mr. Tucker's history and characteristics, and the nature and circumstances of the offense, support a sentence of probation.

A.  Bobby Tucker's History and Characteristics

Mr. Tucker was born and raised in Norfolk, Virginia. He is the older of two children born to the relationship between his father and mother. He and his sister were raised by their mother. Mr. Tucker had only limited contact with his father until he was 32 years old. The PSR details the family dysfunction prevalent in the life of Mr. Tucker in his formative years.

In 1973, at the age of 17, he enlisted in the U.S. Marine Corps to fight in Vietnam. He served a shortly over a year and was granted a general discharge following a traumatic event. He is currently married and has six children from two marriages. He has a very close relationship with his family and has assisted his sister with her health care needs. Mr. Tuckers suffers from the ailments set forth in Paragraphs 72 through 75 of the PSR and he asks the Court to weigh those conditions in determining whether a term of incarceration is warranted under the circumstances of this case. Mr. Tucker has medical conditions which place him in a category of being significantly impacted by the COVID-19 virus should he be incarcerated, including being an obese 64 year old African American man.

The PSR outlines the stable and steady employment Mr. Tucker has maintained since his discharge from the U.S. Marine Corps, except a five year period when he was incarcerated in Ohio.

B.  The Nature and Circumstances of the Offense

While Mr. Tucker is the first to admit that he engaged in the bribery scheme, the scheme was constructed completely by the United States in a sting operation. The bribery scheme was introduced to Tucker by Public Official A, a friend and former work colleague, working on behalf of the United States. The PSR notes that:

In November 2018, Tucker had a series of conversations with Public Official A in which <u>Tucker initially sought concessions from OTR in the form of the waiver of penalties and interest</u> on Person B's tax obligation along with a monthly payment plan. PSR ¶14. But Public Official A advised Tucker that such a set up was "not going to get [Person B] where he want to," leading Public Official A to offer to "go around the back way" by using a false entry in the OTR system of a bankruptcy filing in order to eliminate Person B's entire tax liability. PSR ¶15.

It is apparent that Tucker's original intent was to represent the taxpayer [Person B] by seeking to have penalties and interest waived on a tax debt, an entirely legal business endeavor. It is only after the government enticed Tucker did he engage in further conduct which crossed the line and are the gravamen of the bribery offense. He undoubtedly accepted the offer, violated the law and now accepts responsibility for his conduct.

Mr. Tucker in no way seeks to minimize his conduct, but merely to place in context the nature of the relationship between him and the "victim" in this case. The PSR notes "there was no actual tax loss to the District of Columbia since both Person A and Person B were acting as confidential human sources cooperating in the criminal investigation of the defendant …." PSR ¶27, and that as such there is no "identifiable victim" who suffered a monetary loss. PSR ¶28.

C. The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, to Provide Just Punishment, and to Promote Respect for the Law

As the Court reflects upon the person being sentenced, Mr. Tucker urges the Court to consider confinement conditions in correctional facilities suffering from COVID-19 infections, a mitigating circumstance not adequately considered by the Sentencing Commission in formulating the guidelines. Mr. Tucker submits a term of home detention will reflect the seriousness of the instant offense, promote respect for the law and provide just punishment. The requested sentence will provide specific deterrence while Mr. Tucker remains detained for a term of months, followed by a term of supervised release, during which he can be sent to prison upon the violation of any release condition.

IV. Conclusion

Based on the forgoing, Mr. Tucker respectfully submits a sentence of home detention is sufficient, but not greater than necessary, to address the goals of sentencing in this case.

Respectfully submitted,

BOBBY TUCKER
By Counsel

/s/Pleasant Brodnax
Pleasant S. Brodnax, III
1701 Pennsylvania Avenue, NW
Suite 300
Washington, D.C. 20006
(202) 462-1100
pleasant.brodnax@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing motion was filed by CM/ECF on the 23th day of October 2019, which will send a notification of such filing (NEF) to the all counsel of record.

/s/Pleasant Brodnax
Pleasant S. Brodnax, III